**IN THE COURT OF APPEALS OF IOWA**

No. 13-1025
Filed July 30, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SCOTT KRAMER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

The defendant appeals his conviction for operating while intoxicated, second offense. **AFFIRMED.**

Brian D. Miller of Miller & Miller, P.C., Hampton, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Nichole M. Benes, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Scott Kramer appeals following his conviction for operating while intoxicated, second offense. He asserts on appeal he crossed his vehicle over the center lane to avoid a pothole and vehicles parked along the side of the road, and did not otherwise violate any traffic laws. Thus, he claims the officer did not have probable cause to make a vehicle stop. He also claims a report that his vehicle was at the location of a physical altercation earlier that evening did not give the officer reasonable suspicion to stop his vehicle.

## I. BACKGROUND FACTS AND PROCEEDINGS

On June 25, 2012, at approximately 10:38 p.m., a man phoned the police and reported there were people arguing and yelling outside of his neighbor's house, as well as a vehicle out front with its hazard lights on. By the time officers arrived on the scene, the vehicle was gone, and so they began to search the area for the vehicle. Shortly thereafter, an officer located and began to follow a vehicle that matched the description given by the caller. The officer observed the vehicle cross over the center line, three-quarters of the way into the lane reserved for oncoming traffic. He pulled the vehicle over and noticed that both the driver and the passenger showed signs of intoxication. The officer also noticed the passenger showed signs of having been involved in an altercation, as his eye was swollen shut and there were cuts and blood on his face.

Investigation confirmed the vehicle was the one the citizen had reported. The driver was Scott Kramer, and the passenger was his son. The officers arrested Kramer and charged him with operating while intoxicated, in violation of

Iowa Code section 321J.2 (2011). Kramer pled not guilty and filed a motion to suppress, alleging the stop was a violation of his state and federal constitutional rights. Following a hearing, the district court denied the motion to suppress, finding Kramer's traffic violation established probable cause to stop the vehicle. Kramer waived jury trial, and the parties stipulated the case would be submitted to the court upon the minutes of testimony. Based on the minutes, the court found Kramer guilty as charged. Kramer filed a timely notice of appeal challenging the district court's denial of his suppression motion.

## II. SCOPE AND STANDARDS OF REVIEW

Because Kramer claims the district court failed to suppress evidence obtained in violation of the federal and state constitutions, our review is de novo. *See State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013). When deciding such claims, "'we make an independent evaluation [based on] the totality of the circumstances as shown by the entire record,'" and in light of each case's unique characteristics. *See id.* (quoting *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012)). While deference is given to the factual findings of the district court, especially concerning the credibility of witnesses, we are not bound by such findings. *See State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

## III. PROBABLE CAUSE OF A TRAFFIC VIOLATION

Kramer contends there was insufficient probable cause of a traffic violation to warrant his stop. He points to Iowa Code section 321.297(1)(b), which provides:

> 1. A vehicle shall be driven upon the right half of the roadway upon all roadways of sufficient width, except as follows:

. . . .

   b. When an obstruction exists making it necessary to drive to the left of the center of the roadway, provided, any person so doing shall yield the right-of-way to all vehicles travelling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute an immediate hazard.

Kramer claims he crossed over the center line to avoid a "6-8 inch deep road pothole," as well as cars that were parked along the side of the road in front of an apartment building. He argues this qualifies for the exception permitting a driver to cross the center line when an obstruction necessitates such a maneuver. Kramer also argues there was no probable cause because the officer who pulled him over testified he stopped Kramer's vehicle to investigate the earlier altercation and did not mention the traffic violation.

"If a traffic violation actually occurred and the officer witnessed it, the State has established probable cause." *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). It does not matter how minor the traffic violation is*. See id.* "'Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been committed and that the arrestee committed or is committing it.'" *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (quoting *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990)). If an officer has probable cause to stop, it does not matter if the traffic violation is a mere "pretextual" reason for stopping the vehicle. *See State v. Heminover*, 619 N.W.2d 353, 360 (Iowa 2000), *overruled on other grounds in State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001).

Here, the officer witnessed Kramer's vehicle cross over the center line, nearly three-quarters of the way into the oncoming lane. Kramer admits he

crossed the center line. The officer testified it was unnecessary for the vehicle to make such a maneuver at that time because, despite the vehicles parked on the side of the road, the driving lane was wide enough to accommodate Kramer's vehicle without needing to cross the center line. Although Kramer may have had an explanation for crossing the center line, and arguably even a defense to a charge of a traffic violation under section 321.297(1)(b), the fact remains that the officer observed what he believed was a traffic violation. As noted above, we defer to the district court concerning credibility of witnesses. *See Lane*, 726 N.W.2d at 377. The officer had probable cause to stop Kramer's vehicle.

We affirm the district court's suppression ruling. Accordingly, we need not consider Kramer's claim that the officer lacked reasonable suspicion to believe he was involved in the altercation that was being investigated.

**AFFIRMED.**